**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

SELECT SPECIALTY HOSPITAL -
SIOUX FALLS, INC.,
a Missouri business corporation,

Plaintiff,

vs.

BRENTWOOD HUTTERIAN ,
Brethren, Inc.,
A South Dakota non-profit corporation,
and South Dakota Medical Holding Company, Inc.,
a South Dakota corporation d/b/a Dakotacare,

Defendants.

Court File No. 4:19-CV-4171

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, Select Specialty Hospital – Sioux Falls, Inc., by and through its counsel of record, for its causes of action against the Defendants, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a breach of contract and fraud action brought by Plaintiff, Select Specialty Hospital – Sioux Falls, Inc., a Missouri corporation transacting business in the state of South Dakota "Plaintiff" against the Brentwood Hutterian Brethren, Inc., a South Dakota non-profit corporation ("Defendant" or "Brentwood") and the South Dakota Medical Holding Company, Inc., a South Dakota business corporation d/b/a Dakotacare ("Defendant" or "Dakotacare"). Plaintiff is a party to a Hospital Participation Agreement ("Contract") with Dakotacare pursuant to which it agrees to provide services covered under the Contract ("Covered Services") to participants that contract with Dakotacare ("Enrolling Units") for discounted services and for whom Dakotacare arranges for the provision of Covered Services to the Enrolling Units

beneficiaries ("Members"). Brentwood is an Enrolling Unit under said Contract. Plaintiff herein seeks recovery under the Contract against the Defendants. Based upon Brentwood's conduct Plaintiff also desires to hold the Defendant accountable for its fraudulent misrepresentations relative to its status as a party to the Contract.

## PARTIES

1. Plaintiff Select is a Missouri foreign corporation operating in the state of South Dakota with its principal place of business in Missouri.

2. Upon information and belief the Defendant Brentwood is a South Dakota non-profit Corporation existing in and operating under the laws of the state of South Dakota.

3. Upon information and belief the Defendant Dakotacare is a South Dakota business Corporation, operating under the laws of the state of South Dakota.

## JURISCTION AND VENUE

4. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon diversity of the parties. The amount in controversy exceeds the sum of $75,000.00.

5. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

6. The Plaintiff agreed to provide Covered Services to Brentwood as an Enrolling Unit under the Contract.

7. The Plaintiff states on information and belief that Dakotacare was paid by Brentwood in exchange for being a participant in Dakotacare network of providers.

8. The Plaintiff is a provider of medical services in the City of Sioux Falls, State of South Dakota, and pursuant to the Contract provided services to a patient ("Patient AB") who was enrolled as a Member by Brentwood pursuant to the terms of the Contract.

9. Pursuant to the Contract the Enrolling Unit was able to receive a discounted rate on behalf of its Member and agreed to a set rate of payment which was specifically provided for under the Contract.

10. The Covered Services in question were provided over an extended period of time.

11. On March 14, 2018 Patient AB incurred gross charges in the amount of $1,641,357.00 for Covered Services pursuant to the Contract.

12. Said Covered Services were Medically Necessary and appropriate.

13. During a second stay between October 10, 2018 through November 7, 2018 Patient AB incurred gross charges of $210,226.35 for Covered Services pursuant to the Contract.

14. Said Covered Services were Medically Necessary and appropriate.

15. During a third stay between November 14, 2018 and November 29, 2018 charges were incurred for Covered Services on behalf of Patient AB in the amount of $84,261.85 pursuant to the Contract.

16. Said Covered Services were Medically Necessary and appropriate.

17. During the final stay between December 3, 2018 through December 10, 2018 gross charges were incurred for Covered Service on behalf of Patient AB in the amount of $43,533.31 pursuant to the Contract.

18. On separate occasions Brentwood was contacted by Dakotacare to get pre-approval for all the Covered Services.

19. Plaintiff states on information and belief that Brentwood authorized said services through Dakotacare.

20. All of said Covered Services were Medically Necessary and appropriate.

21. On separate occasions the Plaintiff contacted Dakotacare and received preapproval for the provision of Covered Services for the benefit of Brentwood pursuant to the Contract.

22. Dakotacare reported these preapprovals to the Plaintiff notwithstanding its knowledge that previously, on several occasions, the colony had retroactively placed Members on Medicaid and denied payment for services.

23. Dakotacare reported on three separate occasions that said Covered Services had been preapproved by Brentwood.

24. Notwithstanding said preapprovals from Brentwood, on January 4, 2019 the Plaintiff contacted Dakotacare regarding payment pursuant to the Contract and was advised that said charges were being declined.

25. Dakotacare indicated to the Plaintiff that the claim was being denied and that the Member was being "moved to Medicaid".

26. Plaintiff was further advised in discussions with Dakotacare relative to patient AM that the colonywas known to move Members over to Medicaid retroactively when bills would get too high.

27. Plaintiff has made contact with Brentwood regarding the retroactive termination under the Contract and has been advised Brentwood "self insures" and that the Plaintiff needed to get paid through Medicaid.

28. No provision is made under the terms of the Contract to allow for retroactive termination of services or to relieve performance if a Member is moved to, or qualifies for, Medicaid.

## **BREACH OF CONTRACT AND UNJUST ENRICHMENT AS TO DAKOTACARE AND BRENTWOOD**

29. Plaintiff restates each of the foregoing paragraphs as though set out herein in full.

30. Pursuant to the Contract the Plaintiff provided Medically Necessary Covered Services on behalf of Brentwood to a Member.

31. Pursuant to the Contract Dakotacare was to assist in ensuring payment by the Enrolling Units and, included within this duty, was the obligation to ensure Enrolling Entities didn't retroactively terminate their policies without Dakotacare advising the Plaintiff of such termination.

32. Pursuant to the Contract Dakotacare was required to act in good faith in the preauthorization of services.

33. Dakotacare's failure to disclose the history of retroactive termination of the Contract violated said duty and Dakotacare is responsible under the terms of the Contract for damages sustained by the Plaintiff herein.

34. Pursuant to the terms of the Contract the Plaintiff was entitled to be reimbursed by the Defendant through Dakotacare pursuant to the fee schedule attached to the Contract.

35. The retroactive termination of the Contract in having the Member, Patient AB, file for Medicaid does not relieve Defendant of its liability under the Contract.

36. Further, by virtue of the provision of the Covered Services pursuant to the Contract Dakotacare knowingly received the benefit of payments for participation and Brentwood knowingly received the benefit of the provision of services to its Members at a discounted rate pursuant to the terms of said Contract.

37. That it would be unjust to allow the Defendants to retain said benefit without reimbursing the Plaintiff pursuant to the plain terms of the Contract.

38. The Defendants are liable to the Plaintiff for all damages actually and proximately caused by its breach of said Contract and specifically, the difference between the fee schedule under the Contract and Medicaid's reimbursement plus interest, late fees, and expenses, in such sums as shall be determined by a court or jury.

## NEGLIGENCE AS TO DAKOTACARE

39. Plaintiff restates each of the foregoing paragraphs as though set out herein in full.

40. Dakotacare had a duty to the Plaintiff by virtue of the Contract to exercise due care in getting approvals and ensuring payment to the Plaintiff for the provision of Medically Necessary Covered Services.

41. That Dakotacare breached said duty and was negligent in failing to inform the Plaintiff of Brentwoods prior actions and was further negligent in failing to follow up on the nature of the denial provided by Brentwood.

42. That Dakotacare is liable to the Plaintiff for all damages actually and proximately caused by said negligence.

## FRAUD AS TO BRENTWOOD

43. Plaintiff restates each of the foregoing paragraphs as though set out herein in full.

44. Brentwood has represented to Dakotacare that the Member had been Retroactively cancelled.

45. Plaintiff states on information and belief that, in fact, there was no such termination/cancellation, but rather, that the member was simply placed on Medicaid.

46. Brentwood knew at the time it made the representation that, in fact, coverage had not been terminated and the charges incurred by the Member were Brentwood's responsibility.

47. Based upon this the Plaintiff was forced to accept Medicaid for a patient Plaintiff states on information and belief was covered under the Contract.

48. The Plaintiff has been damaged by such conduct and is entitled to be reimbursed for the difference between the cost of the Covered Services under the Contract and those provided by Medicaid plus interest, late fees, and expenses.

49. Brentwood's conduct was malicious and intended to deceive the Plaintiff herein and, as a result thereof, Defendant is liable for punitive damages in an amount to be determined by a court or jury at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for the following relief:

1. For Plaintiff's compensatory, general and special damages in an amount that a court or jury deems just and proper under the circumstances as to both Defendants;
2. For Plaintiff's costs and disbursements herein as to both Defendants;
3. For pre-judgment and post-judgment interest;
4. For punitive damages as to Brentwood;
5. For attorney fees where allowed at law; and
6. For such other and further relief as the Court determines to be just and proper.

Dated at Sioux Falls, South Dakota, this 30th day of September, 2019.

Cadwell Sanford Deibert & Garry, LLP

*/s/ Brett A. Lovrien*
Brett A. Lovrien
200 E. 10th Street, Suite 200
Sioux Falls, SD 57104
Telephone (605) 336-0828
blovrien@cadlaw.com
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

*/s/ Brett A. Lovrien*
Brett A. Lovrien

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Select Specialty Hospital - Sioux Falls, Inc.

**DEFENDANTS**
Brentwood Hutterian Brethren, Inc.
and South Dakota Medical Holding Company, Inc. d/b/a Dakotacare

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Faulk
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cadwell Sanford Deibert & Garry LLP
200 E. 10th Street, Suite 200
Sioux Falls, SD 57104

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:

Brief description of cause:
Contract and fraud claim based upon a hospital participation agreement.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE DOCKET NUMBER

DATE
09/30/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Brett A. Lovrien

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE